IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MELVIN ANTONIO VALLADARES FLORES, § § § *Petitioner*, § § v. § § KRISTI NOEM, Secretary of the U.S. § Department of Homeland Security; U.S. § DEPARTMENT OF HOMELAND § SECURITY; TODD LYONS, Acting § Director of the US. Immigration and § Customs Enforcement; EXECUTIVE § OFFICE FOR IMMIGRATION § REVIEW; PAMELA BONDI, Attorney § General of the United States; § and BRET BRADFORD, § Houston Field Office Director, Immigration § and Customs Enforcement and Removal § Operations, § § *Respondents*. | | CIVIL ACTION NO. 9:25-CV-00307 JUDGE MICHAEL J. TRUNCALE |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Melvin Antonio Valladares Flores's Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Melvin Antonio Valladares Flores ("Flores") is a foreign national. [Dkt. 1]. On June 30, 2025, United States Immigration and Customs Enforcement ("ICE") detained Flores. *Id.* at ¶ 4.

On November 13, 2025, Flores brought a habeas corpus petition in the Southern District of Texas, claiming that his detention violates both the Immigration and Naturalization Act

1

("INA")[1] and the Fifth Amendment to the United States Constitution. [Dkt. 1]. The case was subsequently transferred to the Eastern District of Texas on November 14, 2025. [Dkt. 3].

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Flores appears to challenge the legality of his detention on two separate grounds. First, he claims that the INA does not allow the Government to detain him during removal proceedings. [Dkt. 1]. Second, Flores argues that his detention violates due process. *Id.*

Flores first challenges the Government's authority to detain him while removal proceedings are pending. *Id.* His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Flores argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Flores is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

---

[1] 8 U.S.C. § 1101 et seq.

*See* [Dkt. 1 at ¶ 72].[2]

## IV. CONCLUSION

Because Flores has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Flores's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions or reports and recommendations are **DENIED AS MOOT**, and any future hearings are **CANCELLED**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 2nd day of January, 2026.**

Michael J. Truncale
United States District Judge

---

[2] Flores's Fifth Amendment claims, which are predicated on his other arguments, therefore also fail.